IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELY BELL, | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-08-0589 |
| v. | : | (Judge Jones) |
| CORRECTIONS OFFICER BLUME, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

December 30, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Ely Bell ("Plaintiff" or "Bell"), an inmate presently confined at the Lackawanna County Prison ("LCP") in Scranton, Pennsylvania, initiated this *pro se* action by filing a Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' unopposed Amended Motion for Summary Judgment. (Doc. 19.) For the reasons set forth below, the Motion will be granted.

In his Complaint, Bell alleges that Defendants Blume, Betress, Masci, and McGraw, LCP Correctional Officers, used excessive force on him and that Defendant Fisher, a nurse employed at LCP, failed to provide medical treatment for the resulting injuries. (*See* Doc. 1 at 1-2.) He further alleges that Defendant Donate, LCP Warden,

"got my grievances and did not correct it." (*See id.* at 2.) Plaintiff also generally alleges that his mail was tampered with. (*See id.*)

Defendants filed an Answer to the Complaint on July 15, 2008. (Doc. 11.) On May 4, 2009, Defendants filed a Motion for Summary Judgment. (Doc. 14.) Bell did not file any opposition to the Motion. In their Motion for Summary Judgment, Defendants argued that "no evidence has been submitted by Plaintiff" to show that either he exhausted all administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing the instant action or that the grievance process was somehow unavailable to him. (*See* Doc. 17 at 4.) Defendants argued that, as a result, Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies. (*See id.*)

While Defendants filed a supporting brief, they did not file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" with "references to the parts of the record that support the statements." *See* M.D. Pa. LR 56.1. Because Defendants failed to meet their burden of demonstrating the absence of a genuine issue of material fact, summary judgment was denied. (*See* Doc. 18.) Nevertheless, the Motion was denied without prejudice to Defendants' ability to re-file a properly

2

supported motion for summary judgment. (*See id.*)

On July 27, 2009, Defendants filed an Amended Motion for Summary Judgment. (Doc. 19.) Defendants also filed a supporting brief (Doc. 20) and Statement of Material Facts (Doc. 21). Because Bell had not filed any opposition to the Motion, by Order dated November 12, 2009, he was warned that, if he did not file his opposition within fifteen (15) days, the Motion would be deemed unopposed and addressed on the merits. (Doc. 22.) Although the deadline for Bell to file his opposition to the Motion has passed, he has neither filed his opposition nor requested an extension of time in which to do so. Therefore, the Motion for Summary Judgment is deemed unopposed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets

its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about

the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48.

Bell failed to submit any opposition to Defendants' Motion for Summary Judgment, and therefore, the Motion is deemed unopposed. Moreover, because Bell has failed to file a separate statement of material facts controverting the statement filed by Defendants, all material facts set forth in Defendants' Statement of Material Facts (Doc. 21) will be deemed admitted. *See* M.D. Pa. LR 56.1.[1] Even though Bell has not opposed the Motion, the Court still must determine whether Defendants are entitled to summary judgment as a matter of law. *See Lorenzo v. Griffith*, 12 F.3d 23, 38 (3d Cir. 1993); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990).

---

[1] M.D. Pa. LR 56.1 provides, in relevant part, as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

5

## III. DISCUSSION

### A. Undisputed Facts

Defendants' Statement of Facts (Doc. 21) establishes the following:

Plaintiff's Complaint appears to allege that Defendants Blume, Betress, Masci, and McGraw used excessive force on him and that he did not receive proper medical treatment. (*Id.* ¶ 2.) The date of the alleged incident is not set forth in the Complaint, nor or are there any other details surrounding the alleged incident. (*Id.* ¶ 3.) Plaintiff has not fully exhausted available administrative remedies at the LCP. (*Id.* ¶ 4.)

### B. Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act of 1995 (" PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level." *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007) (citation omitted); *see also id.* "[P]risoners must exhaust all 'available' remedies, even where the relief sought cannot be granted through the administrative process." *Williams,* 482 F.3d at 639 (citing *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). "Additionally, the PLRA requires 'proper exhaustion,' meaning that

6

the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.'" *Id.* Failure to properly exhaust administrative remedies will result in the procedural default of a prisoner's claim. *Spruill v. Gillis,* 372 F.3d 218, 230-32 (3d Cir. 2004).

Nevertheless, a prisoner is not required to allege that administrative remedies have been exhausted. *Ray v. Kertes,* 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id.* As such, it must be pled and proven by the defendants. *Brown v. Croak,* 312 F.3d 109, 111 (3d Cir. 2002).

In the instant case, Defendants have not submitted any evidence to prove that Bell failed to fully exhaust his administrative remedies, such as an affidavit from an LCP staff member verifying that LCP records show that Bell did not fully exhaust his administrative remedies with respect to the allegations in the Complaint. Nevertheless, Bell has not opposed the instant Motion. Therefore, Defendants' Statement of Fact that Bell has not fully exhausted the available administrative remedies at the LCP is deemed admitted. *See* M.D. Pa. LR 56.1. Because there is no genuine issue of material fact as to Bell's failure to exhaust, and exhaustion is mandatory under the PLRA, Defendants are entitled to summary judgment as a matter of law, and the instant Motion will be granted. An appropriate Order shall issue.